**Nazareth Mutual Insurance Co. v. Kram**

C.P. of Northampton County, Nos. C-48-CV-2013-12036, C-48-CV-2013-11929

*John W. Ashley*, for plaintiff.
*Graig M. Schultz*, for defendants.

BELTRAMI, *J.*, May 26, 2015—This matter is before the Court on the Motion for Summary Judgment and Clarification ("Motion") filed by the defendants ("Defendants") in these consolidated cases on December 23, 2014. On January 26, 2015, Plaintiff filed a Response to the Motion. Briefs have been filed, oral argument was heard on February 25, 2015,

and the matter is ready for disposition.

The relatively undisputed facts are as follows. On June 24, 2013, the home of Defendant Thomas J. Polanski ("Defendant Polanski") was damaged by a hailstorm. (Mot. ¶ 5; Resp. ¶ 5.) On July 25, 2013, the home of Defendant Shirley Kram ("Defendant Kram") was damaged by a separate hailstorm. (Mot. ¶ 5; Resp. ¶ 5.) At the time of the storms, Defendants maintained separate, but identical, homeowners' insurance policies ("Policies") with Plaintiff Nazareth Mutual Insurance Company ("Nazareth Mutual"). (Mot. ¶¶ 3-4; Resp. ¶¶ 3-4.) Defendants submitted timely claims to Nazareth Mutual under their Policies. (Mot. ¶ 6; Resp. ¶ 6.) As part of their claims, and at the request of Nazareth Mutual's independent adjuster, Zach Turnbull, Defendants each signed and submitted to Nazareth Mutual a proof of loss ("POL").[1] (Mot. ¶ 7; Resp. ¶ 7.) In response, Nazareth Mutual sent each Defendant a check in the amount identified in his or her POL, and both Defendants cashed their check. (*See* Kram Compl. ¶ 10; Kram Answer ¶ 10; Polanski Compl. ¶ 7; Polanski Answer ¶ 7.) Contemporaneously with or shortly after submitting their POLs, Defendants exercised their appraisal rights under the Policies.[2] (Mot. ¶ 8; Resp. ¶ 8.)

---

1. Pursuant to the Policies, when requested by Nazareth Mutual, the insured must:

a. give [Nazareth Mutual] a signed, sworn proof of loss, within 60 days after [Nazareth Mutual's] request, that shows:

1) the time, place, and the details of the loss;

. . . .

6) detailed estimates for repair; and

7) in detail, the quantity, description, cost, amount of loss, and actual cash value of the personal property involved in the loss.

(Mot. Ex. A at 21-22 of 29; Ex. B at 21-22 of 29.)

2. Pursuant to the Policies, if the parties "do not agree as to the . . . amount of the loss," the claim moves into appraisal proceedings, where each side chooses and pays for an appraiser, the chosen appraisers select

Thereafter, Nazareth Mutual filed the instant declaratory judgment actions against Defendant Polanski and Defendant Kram. In its Complaints, Nazareth Mutual requests a declaration that, based upon the POLs submitted by Defendants, the checks issued from Nazareth Mutual to Defendants, and Defendants' acts of cashing the checks, there is no dispute as to the value of the loss, that Nazareth Mutual has satisfied its obligations under the Policies, and that appraisal is inappropriate under the circumstances. In essence, what Nazareth Mutual seeks against Defendants is a declaration "that the [POLs] signed by [Defendants] were binding, conclusive[,] and final as to the amount of loss and the extent of Nazareth Mutual's contractual obligations." (Mot. ¶ 10; Resp. ¶ 10.)

Two judges of this Court have refused to grant Nazareth Mutual such relief and, in doing so, have revealed why Defendants are now entitled to judgment as a matter of law. On February 20, 2014, Nazareth Mutual moved for summary judgment in its action against Defendant Polanski and, on March 20, 2014, moved for summary judgment in its action against Defendant Kram. Both motions were denied, the first by an Order of Court and Statement of Reasons filed by the Honorable Craig A. Dally on April 16, 2014, and the second by an Order filed by the Honorable Michael J. Koury, Jr. on July 14, 2014. Both Orders reach the same conclusion — that the POLs submitted by Defendants, the checks issued by Nazareth Mutual, and the cashing of the checks by Defendants do not entitle Nazareth Mutual to the declaration sought. Defendants now move for summary

---

an umpire, and that trio attempts to arrive at a written agreement representing the final, binding amount of the loss. (*See* Mot. Ex. A at 28 of 29; Ex. B at 28 of 29.)

judgment on the theory that the Orders of Judges Dally and Koury indicate that no genuine issues of material fact remain, yet the Orders reject Nazareth Mutual's evidence as a legal basis for this Court declaring that Defendants' insurance claims have been finally resolved. Nazareth Mutual, while offering no new factual record, responds that the aforementioned Orders do indicate that issues of fact remain, and that, as a result, its action for declaratory judgment must proceed to trial.

Pennsylvania Rule of Civil Procedure 1035.2 establishes the standard of review for a motion for summary judgment as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2. These two prongs represent the

> two main avenues per which summary relief may be granted. Employing the first of these, a movant may rely

on uncontroverted facts, and/or allow that the factual allegations made by the non-moving party could be true, while contending that, even accepting such facts, judgment should be rendered for the movant as a matter of law. *See* Pa.R.C.P. No. 1035.2(1). Alternatively, after discovery, a party may challenge the ability of the non-moving party to adduce evidence of facts material to establishing a claim or defense. *See id.* No. 1035.2(2).

*Lance v. Wyeth*, 85 A.3d 434, 449-450 (Pa. 2014).

Under either avenue, summary judgment may only be granted when the record clearly shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010). The moving party bears the burden of proving that no genuine issue of material fact exists. *Barnish v. KWI Bldg. Co.*, 916 A.2d 642, 645 (Pa. Super. 2007). In deciding a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ario v. Ingram Micro, Inc.*, 965 A.2d 1194, 1200 (Pa. 2009). Even where the facts are agreed upon, summary judgment cannot be entered if the facts can support conflicting inferences. *Washington v. Baxter*, 719 A.2d 733, 740 n.10 (Pa. 1998).

The party opposing a motion for summary judgment

may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.C.P. No. 1035.3(a)(1)-(2). In other words, the "[f]ailure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a [verdict could be issued] in its favor establishes the entitlement of the moving party to judgment as a matter of law." *Young v. Commonwealth, Dep't of Transp.*, 744 A.2d 1276, 1277 (Pa. 2000). In actions for declaratory judgment, summary judgment is available and is governed by the same standard discussed above. *Hydropress Envtl. Servs., Inc. v. Twp. of Upper Mount Bethel*, 836 A.2d 912, 918 (Pa. 2003).

To quote from Judge Dally's Statement of Reasons, with which the Court agrees: "[T]here is nothing in the language of the [POL] which could fairly be construed as capping a loss to the information provided in the POL." (Mot. Ex. C at 5.) Based on that conclusion and on the fact that Nazareth Mutual itself averred, in its Complaint against Defendant Polanski, that he timely exercised his right to appraisal, Judge Dally denied Nazareth Mutual's Motion for Summary Judgment because "it [was] clear that [Nazareth Mutual] [was] not entitled to judgment in its favor as a matter of law." (*Id.* at 5-6.) Further, to quote from Judge Koury's Order, with which the Court also

agrees: "[N]othing in the Polic[ies] supports Nazareth Mutual's assertion that [Defendant] Kram's cashing of Nazareth Mutual's check for the amount set forth in the POL constitutes an admission that [Defendant] Kram's claim does not exceed that amount." (Mot. Ex. D at n.2.) Based on that conclusion, Judge Koury denied Nazareth Mutual's Motion for Summary Judgment because "Nazareth Mutual . . . failed to establish that it [wa]s entitled to judgment as a matter of law." (*Id.*)

Nazareth Mutual now argues that summary judgment in favor of Defendants is unwarranted because "[i]n this matter, two (2) judges looked at the pleadings and Request for Admissions and the Answers thereto . . . [and] determined that there were material issues of fact to be decided as to if each claim amount had been agreed to by the notices." (Nazareth Mutual's Br. at 5.) This is a misinterpretation of the Orders in question. In fact, each Order clearly concludes that the evidence presented by Nazareth Mutual — the POLs, the checks, and the cashing thereof — *cannot* establish that the claim amount was agreed upon as a matter of law, since both Defendants requested appraisal under the Policies' terms.

In surveying the record and interpreting the Orders of Judges Dally and Koury, it is apparent to the Court that both judges would have entered judgment *against* Nazareth Mutual when it moved for summary judgment were it not for the principle that a court cannot, procedurally, enter summary judgment *against* the moving party. *See generally Bensalem Twp. Sch. Dist. v. Commonwealth*, 544 A.2d 1318, 1322 (Pa. 1988). More importantly, in response to Defendants' Motion, Nazareth Mutual has not produced any new evidence and simply relies upon

the record that was presented to Judge Dally and Judge Koury, namely the Policies, the POLs, the checks issued to Defendants, and the fact that Defendants cashed those checks.[3] In other words, the record has not changed at all since Nazareth Mutual moved for summary judgment. Two judges of this Court have already correctly concluded that such evidence does not entitle Nazareth Mutual to the declaration it seeks. As noted above, the failure of a non-moving party to offer sufficient evidence on an issue essential to its case and on which it bears the burden of proof entitles the moving party to judgment as a matter of law. Thus, as Defendants are now the movants and Nazareth Mutual has failed to produce evidence essential to its case, Defendants are entitled to judgment in Nazareth Mutual's actions for declaratory judgment.[4]

In light of the foregoing, all that remain for disposition are those portions of Defendants' Motion in which they seek, pursuant to Pennsylvania Rule of Civil Procedure 1035.5, an order clarifying that the causes of action pleaded in their counterclaim shall proceed to trial and a case management order. That Rule provides:

> If judgment is denied or is not rendered upon the whole case or for all the relief asked and a trial is

---

3. A review of Nazareth Mutual's Complaints reveals that its sole factual basis for the declaration sought are the Policies, the POLs, the checks, and the cashing of the checks as well.

4. In opposition to Defendants' Motion, Nazareth Mutual also argues that there are issues of fact as to "the amount and value of the claim" and "the amount of damages" and that these issues prevent the Court from granting the Motion. (Nazareth Mutual's Br. at 6.) This argument ignores the fact that Nazareth Mutual's Complaints only seek a declaratory judgment. In light of the Court's entry of summary judgment against Nazareth Mutual with regard to its Complaints, the amount of damages will be determined through the appraisal process under the terms of the Policies, not by this Court.

necessary, the court when considering the motion may, if practicable, ascertain from the pleadings, the evidence and the parties which material facts relevant to the motion exist without controversy and which are actually controverted. It shall thereupon make an order specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established and the trial shall be conducted accordingly.

Pa.R.C.P. 1035.5. Defendants, in invoking this Rule, do not, as the Rule contemplates, ask the Court to specify which, if any, material facts are without controversy, and, thus, the Court declines to do so. Rather, Defendants ask the Court to clarify that their counterclaims shall proceed to trial. Because Defendants did not seek summary judgment with regard to their counterclaims, no clarification is needed.[5] Nor is any case management order required. Defendants' counterclaims are all that remain in this action, and, with nothing further pending before the Court, ordinary case management principles enshrined in the Pennsylvania Rules of Civil Procedure will operate to govern this action from this point forward.[6]

---

5. In their Counterclaims, Defendants seek damages for bad faith and for breach of the covenant of good faith and fair dealing.

6. The Court notes that Defendant Kram and Defendant Polanski have each filed an Amended Answer with New Matter and Counterclaim, on March 9, 2015, and March 12, 2015, respectively. The Counterclaims remain unanswered by Nazareth Mutual. In addition, on April 1, 2015, the Honorable Stephen G. Baratta entered an Order, following a status conference with the parties, indicating that the pleadings were not closed as of that date and scheduling the case for a status conference on June 8, 2015.

290

WHEREFORE, the Court enters the following:

ORDER OF COURT

AND NOW, this 26th day of May, 2015, the Motion for Summary Judgment filed by Defendants Shirley Kram and Thomas J. Polanski ("Defendants") on December 23, 2014, is hereby GRANTED. Judgment is hereby entered in favor of Defendants and against Plaintiff Nazareth Mutual Insurance Company with regard to Plaintiff's Complaints in the above actions. Defendants' Motion for Clarification, filed on the same date, is hereby DENIED.